■ Torrey De Luca, an Infant, by His Mother and Guardian Carmella De Luca, et al., Respondents, v. Robert Schlesinger, Appellant, and Andrew Lipton, Defendant-Respondent and Third-Party Plaintiff-Respondent. New Jersey Manufacturers Insurance Company, Third-Party Defendant-Appellant. (And Another Action.)—Appeal by third-party defendant, New Jersey Manufacturers Insurance Company, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated August 4, 1970, as denied its cross motion to sever the third-party action, with leave to apply to the trial court for the same relief. Order modified, insofar as appealed from, with $10 costs and disbursements against respondent Lipton, by striking the fourth ordering paragraph and substituting therefor a provision that the cross motion is granted. The third-party defendant had disclaimed liability as to the defendant third-party plaintiff driver. In our opinion, a trial of all causes of action before the same jury would subject the third-party defendant to some prejudice (*Kelly* v. *Yannotti,* 4 N Y 2d 603; *Sarica* v. *City of New York,* 24 A D 2d 1010). Latham, Acting P. J., Shapiro, Gulotta and Brennan, JJ., concur. Benjamin, J., dissents and votes to affirm with the following memorandum: The prior cases, such as *Kelly* v. *Yannotti* (4 N Y 2d 603) authorizing a separate trial on a claim over against an insurance carrier, did not involve automobile insurance as at bar, where every juror would know that the defendant motorist was obliged by law to have insurance coverage and that his insurance carrier had responsibilities thereon. Accordingly, it was not error to deny appellant carrier's motion, since it would suffer no prejudice if the claim over were to be tried contemporaneously with the issues in the main action. In any event, appellant's motion was not finally denied in view of leave being granted to renew the motion in the trial court.